Charles D. Waterman (of Lane & Waterman), of Davenport, Iowa (Alfred Magnusson and James J. Lamb, both of Davenport, Iowa, on the brief), for plaintiff.

Philip R. Miller, Sp. Asst. to Atty. Gen., and Maurice F. Donegan, U. S. Atty., of Davenport, Iowa, for defendant.

### IOWA-ILLINOIS GAS & ELECTRIC CO. v. BIRMINGHAM, Collector of Internal Revenue.

### Civil Action No. 640.

District Court, S. D. Iowa, Central Division.
May 10, 1946.

DEWEY, District Judge.

Plaintiff is engaged in the manufacture and sale of electrical energy. To encourage prompt payment of its monthly accounts by its customers, its bills provide for the payment of an additional amount in the event the account is not paid within ten days.

This suit is to determine whether the Collector of Internal Revenue erroneously included this additional amount, when collected, upon which to levy an excise tax, as a part of the price for which the electrical energy is sold.

The facts are stipulated except for the deposition of two expert witnesses.

The matter came on for hearing in open court at Des Moines, Iowa, on the 30th day of April, 1946, upon its merits; oral arguments were had and the matter submitted to the court for decision.

Plaintiff claims that it and its predecessor, whose accounts it owns, collected within the period in controversy on such additional amounts the sum of $48,387.56, and that the defendant Collector has erroneously included this amount in determining the price for which its electrical energy was sold. That the Collector has so collected an overpayment of taxes from the plaintiff in the sum of $1,612.93, and plaintiff seeks by this action to recover that amount and interest.

The revenue statute of the United States levying an excise tax upon the sale of electrical energy is Section 3411(a) of Title 26 U.S.C.A. Int.Rev.Code, as follows:

"Tax on electrical energy for domestic or commercial consumption.

"(a) There shall be imposed upon electrical energy sold for domestic or commercial consumption and not for resale a tax equivalent to 3⅓ per centum of the price for which it is so sold, to be paid by the vendor under such rules and regulations as the Commissioner, with the approval of the Secretary, shall prescribe."

And a regulation of the Commissioner in force at the time the tax in dispute was collected is:

"Where a discount is allowable from the gross charge for electrical energy if payment therefor is made by the consumer within a prescribed period, or where an additional amount is added for failure to make payment within a prescribed period, the tax shall be based on the amount due." Section 316.190, Regulation 46.

The plaintiff being engaged in the manufacture and sale of a public utility commodity is subject to have its rates fixed by governmental agencies.

The evidence establishes that maximum rates for its electrical energy have been so fixed.

The regulations fixing such maximum prices also provide for, and in that manner permit, the plaintiff to charge and collect an additional sum from its customers as a penalty for not paying its monthly accounts promptly.

The Federal Power Commissioner has adopted a uniform system of accounts prescribed and required to be kept by this plaintiff and other public utilities, and provides for and requires the plaintiff to keep a separate account showing the amount of penalties it has collected which have been imposed by the utility on its customers because of the failure to pay the bills within a specified time.

In a narrow interpretative sense therefore it can be said that the penalty is not a part of the price of the electrical energy sold and should be considered as a separate and independent revenue of the plaintiff.

However, in the same regulation which fixes the maximum rate for the sale of electrical energy is found this penalty provision which, as I have said, permits the plaintiff to charge and collect this additional sum.

The tax is not levied upon the rate established for the sale of electrical energy, but upon the price for which the electrical energy is sold. Many elements must necessarily be included in the price of electricity sold.

It is also to be remembered that the plaintiff is in the business of manufacture and sale of electrical energy and, while it can, of course, have revenue from other sources, yet those other revenues generally have to do with business transactions that are closely related to that business. A penalty for failure to pay bills promptly might properly come within the business of a bank, but not in a business of this nature.

The plaintiff apparently has interpreted its permission to charge a penalty as being an authority to charge and collect from its customers an additional amount over and above its fixed rates and bill it as a part of the price. The bills rendered each month for electrical energy sold to its customers as disclosed by the evidence, show the gross and net amounts to be collected or specifically refer to a discount which it is giving to its customers for prompt payment.

Arguments can be had on both sides of the question, and while I am firmly of the belief that the permission of the governing agencies to add the penalty is a permission to add it to the price for which the energy was sold, and that this was done, yet it seems to me the question should be answered by the regulations of the Commissioner of Internal Revenue.

Statutes substantially the same as the one set out above wherein the excise tax was to be paid by the vendor have been in force since 1933 and during all of that time there have been regulations substantially the same as the one set out above, in effect, providing that the penalty for taxing purposes should be included in the price for which the electrical energy is sold.

It is to be noted that in addition to the authority granted to the Commissioner by the Congress to make rules and regulations in revenue cases, this statute specially gives him additional authority to make such rules and regulations.

■ It seems to me that this is a case in which such a regulation is not only permissible but necessary in determining this disputed question. I realize that the Commissioner does not have the power or authority to make regulations beyond the boundaries fixed by the taxing statute, but the Commissioner has always interpreted statutes where there is an uncertainty regarding construction and he is not necessarily restricted to regulations which have to do with the method and manner of the collection of the tax. Here the regulation has been in effect since 1933 and the Congress has amended the act itself a time or two, but without attempting to change this regulation, which must have been well known to the Congress or at least to the committee having in charge any changes in the statute.

■ I am satisfied that the regulation is well within the power of the Commissioner to enact and that it is decisive and controlling in this case.

I therefore make the following:

### Finding of Fact.

The increased amount required to be paid for electrical energy assessed and collected by the plaintiff for failure to pay its monthly bills promptly is a part of the price of electrical energy sold and not a revenue from a penalty which is outside of, and in addition to, the price of the energy.

### Conclusion of Law.

That the petition and claim of the plaintiff should be dismissed upon its merits.

It is therefore ordered that plaintiff's petition be and the same is hereby dismissed upon ·its merits with judgment against plaintiff for costs. Plaintiff excepts.